UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADEM BULUT,

        Petitioner,

v.

UNKNOWN PARTY #1 et al.,

        Respondents.

_____/

Case No. 1:26-cv-222

Honorable Paul L. Maloney

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Discussion

**I.  Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondent to release Petitioner or ordering Respondent to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.2, 17–18.)

Petitioner initially named the Warden of the North Lake Correctional Facility, in their official capacity, as the Respondent in the above named and numbered action. (Pet., ECF No. 1,

PageID.5.) In its Order to Show Cause, the Court dismissed the Warden of the North Lake Processing Center as a Respondent. (Order, ECF No. 4.) The Court directed that the Field Office Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement, in their official capacity, be added as the Respondent in this action. (*Id.*, PageID.39.)

On January 26, 2026, Petitioner filed a motion for order to show cause requesting that Respondent be ordered to show cause why his 28 U.S.C. § 2241 should not be granted.[1] (Mot., ECF No. 3.) In an order entered on January 28, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondent filed their response on February 2, 2026, (ECF No. 5), and Petitioner filed his reply on February 5, 2026, (ECF No. 6.).

**II.    Factual Background**

Petitioner is a native and citizen of Turkey. (Pet., ECF No. 1, PageID.5; Notice to Appear (NTA), ECF No. 1-1, PageID.22, 24.) Petitioner entered the United States in September 2023 in San Ysidro, California. (Pet., ECF No. 1, PageID.2; NTA, ECF No. 1-1, PageID.22.) In late September 2023, Department of Homeland Security (DHS) agents encountered Petitioner and placed him in standard, non-expedited removal proceedings pursuant to 8 U.S.C. § 1229(a) and released him on his own personal recognizance in accordance with section 236 of the Immigration and Nationality Act (INA). (Pet., ECF No. 1, PageID.1; NTA, ECF No. 1-1, PageID.22; Order of Release, ECF No.5-1, PageID.77.)

Petitioner applied for asylum on February 22, 2024, by filing an I-589 form. (Pet., ECF No. 1, PageID.5; Receipt of Asylum Application (Receipt), ECF No. 1-1, PageID.28–31.) On

---

[1] Although Petitioner's motion for order to show cause (Mot., ECF No. 3.) was not specifically mentioned in the January 28, 2026 Order (Order, ECF No. 4), Petitioner's motion was operationally granted by the issuance of the January 28, 2026 Order.

2

August 21, 2024, Petitioner received an Approval Notice for his Employment Authorization form. (Approval Notice (Notice), ECF No. 1-1, PageID.32.)

Prior to Petitioner's detention, Petitioner resided and was employed in Nashville, Tennessee. (Pet., ECF No. 1, PageID.5.) On December 22, 2025, Petitioner was taken into custody in Tennessee and initially placed in the Buffalo Federal Detention Facility.  (Pet., ECF No. 1, PageID.6; Notice to EOIR: Alien Address, ECF No. 1-1, PageID.34.) On January 8, 2026, Petitioner was transferred to the North Lake Processing Center. (Pet., ECF No. 1, PageID.6, 10.)

The most recent Notice to Appear provided by the parties indicates that the DHS issued Petitioner a Form I-862 charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) of the INA because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 1-1, PageID.24–26.) Petitioner is currently detained without an opportunity to post bond or be released on other conditions.

### III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV. Exhaustion

Respondent argues that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondent argues that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

### V. Merits Discussion

#### A. Statutory Basis for Petitioner's Detention

Petitioner contends that Respondent has violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondent, however, contends that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondent's interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D.

Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).

### B. Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondent counters Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, may attend hearings with an immigration judge, can request bond at that time, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

### VI. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The

Court will order Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment or, in the alternative, immediately release Petitioner from custody.[2] The Court will also order Respondent to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: February 18, 2026                 /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge

---

[2] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer.